**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| RUMFISH Y VINO CORPORATION, a Belize corporation, and JPL PARTNERS #1 LP, a California limited partnership<br><br>        Plaintiffs,<br><br>    v.<br><br>FORTUNE HOTELS, INC., a Florida corporation, RIA-SANDPIPER, INC., a Florida corporation, RESORT INNS OF AMERICA, INC., a Florida corporation, d/b/a TRADEWINDS ISLAND RESORT, and DOES 1-10<br><br>        Defendants. | CASE NO.<br><br>COMPLAINT FOR:<br><br>(1)   Breach of Contract<br>(2)   Infringement of U.S. Registration;<br>(3)   False Designation of Origin and Misrepresentation, 15 U.S.C. §1125(a)(1)(A);<br>(4)   Declaratory Judgment, 28 U.S.C. §§2201 and 2202; and<br>(5)   Cancellation of Trademark, 15 U.S.C. §1119.<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

For their Complaint, Plaintiffs Rumfish Y Vino Corporation and JPL Partners #1, LP, allege as follows:

## JURISDICTION AND VENUE

1.    This civil action is for: a state claim of actual and/or anticipatory breach of a written contract (first cause of action); a federal claim of infringement of U.S. registration 15 U.S.C. §1051 et seq., 15 U.S.C. §1114 (second cause of action); a federal claim of false designation of origin and misrepresentation, 15 U.S.C. §1051 et seq., 15 U.S.C. §1125(a)(1)(A) (third cause of action); a federal claim for declaratory judgment, 28 U.S.C. §§2201 and 2202 (fourth cause of action); and a federal claim for cancellation of a U.S. trademark registration, 15 U.S.C. §1119 (fifth cause of action).

2.      The Court has jurisdiction over the subject matter and personal jurisdiction over the parties by reason of: 28 U.S.C. §1331 & 1338 (a) and 15 U.S.C. §1121 for the second, third, fourth, and fifth causes of action; as well as supplemental and pendent jurisdiction under 28 U.S.C. §1367 for the first cause of action.

3.      The Court also has jurisdiction over the parties and the subject matter of the first cause of action by reason of 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties - and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000).

4.      Venue is proper in this judicial district for all causes of action, pursuant to 28 U.S.C. §§1391(b), and for the first cause of action pursuant to the agreement between the parties.

## GENERAL ALLEGATIONS

5.      Plaintiff Rumfish Y Vino Corporation (usually "RYV") is corporation organized and existing under the laws of Belize, with its principal place of business at Placencia Village Square, Stann Creek District, Placencia, Belize.

6.      Plaintiff JPL Partners #1, LP (usually "JPL1", collectively with RYV "Plaintiffs") is a limited partnership organized and existing under the laws of the state of California, with its principal place of business at 34 N. Palm Street, Ventura, CA 93001.

7.      Plaintiffs are informed and believe, and based thereon allege that Defendant Fortune Hotels, Inc. (usually "Fortune") is a corporation organized and existing under the laws of the State of Florida, having a principal place of business at 5600 Gulf Boulevard, St. Pete Beach, FL 33706.   Fortune conducts business within this judicial district by selling its services to customers and offering its services to customers located within this judicial district and committing some of the acts complained of herein.

8.      Plaintiffs are informed and believe, and based thereon allege that Defendant RIA-Sandpiper, Inc. (usually "Sandpiper") is a corporation organized and existing under the laws of the State of Florida, having a principal place of business at 6000 Gulf Boulevard, St. Pete Beach, FL 33706.  Sandpiper conducts business within this judicial district by selling its services to customers and offering its services to customers located within this judicial district and committing some of the acts complained of herein.

9.      Plaintiffs are informed and believe, and based thereon allege that Defendant Resort Inns of America, Inc. d/b/a Tradewinds Island Resort (usually "Tradewinds", collectively with Fortune and Sandpiper, "Defendants") is a corporation organized and existing under the laws of the State of Florida, having a principal place of business at 5600 Gulf Boulevard, St. Pete Beach, FL 33706.  Tradewinds conducts business within this judicial district by selling its services to customers and offering its services to customers located within this judicial district and committing some of the acts complained of herein.

10.     Plaintiffs do not know the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will seek to amend this complaint to allege such names and identities as soon as they are ascertained.  Plaintiffs are informed and believe, and based thereon allege that each of the fictitiously-named defendants is in some manner responsible, liable and/or obligated to Plaintiffs in connection with the acts alleged herein.

11.     Plaintiffs are informed and believe, and based thereon allege that at all times mentioned herein, each of the Defendants was the subsidiary, sister company, agent, servant, representative, employee, partner, and/or controlling person of the other Defendants named herein, and in doing the acts herein alleged were acting as the agents or alter ego for each other.

## FACTUAL ALLEGATIONS

12.     Plaintiffs are the owners/operators of restaurants and bars under the name "RUMFISH y vino".  RYV owns and operates "RUMFISH y vino" in Placencia Belize.  JPL1 owns and operates "RUMFISH y vino" in Ventura, California.  RYV and JPL1 share common owners.

13.     RYV has owned and operated "RUMFISH y vino" in Belize since at least as early as November 2008.  JPL1 has owned and operated "RUMFISH y vino"  in Ventura, California since at least as early as November 2016.

14.     In 2008, John and Pamela Solomon – owners of RYV – were honeymooning in Belize when they found the location that would become "RUMFISH y vino".  They formed RYV, purchased the building, and opened "RUMFISH y vino" by November 2008.

15.     The Solomons coined the term RUMFISH after considering variations such as Rum Bar, Fish Bar, Fish Bar Y Vino, Rum Bar Y Vino, Rum Wine and Fish Bar, among many others.  In June 2008, RYV registered the domain name RumfishYVino.com.

16.     RYV has achieved great success and notoriety, having hosted A-list celebrities, and having been reviewed in many worldwide publications, including but not limited to Conde Naste Traveler, US Weekly, Playboy, United Airlines Hemispheres, Forbes, LA Times, and the Wall Street Journal.  "RUMFISH y vino" was also featured in an episode of Reserve Channel's YouTube show Ex-Pats – https://www.youtube.com/watch?v=H3pCA9VMa8w – published in November 2012.

14.     Since at least as early as November 2008, RYV has continuously and extensively used the name "RUMFISH y vino" and various RUMFISH-related marks in Belize to identify the source of its restaurant and bar services and to distinguish its services in the marketplace.

RYV operates a website at www.rumfishyvino.com and has continuously operated such website since at least as early as October 2009.

15.     In early 2013, RYV was approached by a California-based hotel group to explore expansion of their restaurant.  After serious negotiations, RYV decided against entering into a deal with this California-based hotel group.

16.     Following these discussions with the California-based hotel group and other interested groups, on October 7, 2013, RYV filed US Trademark Application Serial No. 86/084,571 for "RUMFISH y vino" for use with bar and restaurant services, which application was published for opposition on September 30, 2014.  The "RUMFISH y vino" mark was registered on January 17, 2017 as U.S. Trademark Registration No. 5,124,613. A copy of the registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "A".

17.     In the fall of 2013, RYV met a person named Hugh Darley from the design and development group Idea, Inc., who had connections with Norwegian Cruise Lines ("NCL"). Both Mr. Darley and the president of NCL dined at "RUMFISH y vino" in Placencia on multiple occasions.  Mr. Darley expressed an interest in RYV's concept and brand, and proposed a relationship to help spread "RUMFISH y vino" throughout the Caribbean and other ports of call.

18.     In the spring of 2014, RYV learned that Guy Harvey and one or more of the Defendants planned to open a restaurant/bar called "Guy Harvey's Rumfish" in May 2014.  In the months leading up that that announcement, RYV learned of Mr. Darley's partnership with NCL, from which they surmised a connection to NCL's partnership with Guy Harvey and the Defendants.

19.     Plaintiffs are informed and believe and based thereon allege that Guy Harvey is an executive with Defendant Resort Inns of America, Inc.  Plaintiffs are also informed and believe and based thereon allege that Defendants operate a number of hotel, resort, and restaurant properties in the United States, either on their own of in connection with other entities such as Guy Harvey.  Plaintiff are further informed and believe and based thereon allege that Mr. Darly suggested the RUMFISH name to Guy Harvey and Defendants following his visits to "RUMFISH y vino" in Placencia and Plaintiffs' conversations with him.

20.     On April 11, 2014, RYV filed US Trademark Application Serial No. 86/249,678 for RUMFISH for use with bar services and restaurant services based upon a bona fide intention to use the mark in United States commerce.

21.     Plaintiffs are informed and believe and based there on allege, that on or about May 1, 2014, Defendants or persons associated with Defendants filed US Trademark Application Serial No. 86/269,370 for RUMFISH GRILL for use with clothing, and restaurant and bar services based upon an intent to use.  Plaintiffs are informed and believe and based there on allege, that the application was registered on October 13, 2015 as U.S. Trademark Registration No. 4,832,829 claiming a first use in commerce date of June 2, 2014.  A copy of the registration from the records of the USPTO is attached to this Complaint and identified as Exhibit "B".

22.     Plaintiffs are informed and believe and based there on allege, that on or about May 9, 2014, Defendants or persons associated with Defendants filed US Trademark Application Serial No. 86/277,703 for GUY HARVEY RUMFISH for use with restaurant and bar services as an intent to use application.  Plaintiffs are informed and believe and based there on allege, that this application was abandoned.

23.     In or about May 2014, Plaintiffs and Defendants were involved in a dispute concerning their respective rights to use and register their respective marks incorporating the term RUMFISH.  The parties entered into negotiations that ultimately resulted in a fully executed and binding Consent and Settlement Agreement having an effective date of May 23, 2014.  A copy of the May 2014 Consent and Settlement Agreement is attached to this Complaint and identified as Exhibit "C".

24.     As part of the Consent and Settlement Agreement, Plaintiffs voluntarily abandoned their previously filed application serial no. 86/249,678 to register the term RUMFISH on its own.  Plaintiffs acknowledged Defendants' ownership of and right to use and register the mark RUMFISH GRILL (and other variations and iterations of the same) in connection with restaurant services, bar services, and clothing.

25.     Also as part of the Consent and Settlement Agreement, paid Plaintiffs the sum of $30,000 as consideration for Plaintiffs' covenants and obligations therein.   Defendants acknowledged Plaintiffs' ownership of and rights to use and register the mark RUMFISH Y VINO (and other variations and iterations of the same) in connection with restaurant services and bar services.

26.     Neither party was to use the other parties' full trademarks or the term RUMFISH on its own in connection with restaurant and bar services in the United States.  Defendants also agreed that "**any and all uses** of the term 'Rumfish' [by Defendants] must be used in connection with and immediately followed by the term 'Grill'." (emphasis added)

27.     By its express terms, the May 2014 Consent and Settlement Agreement is binding upon not only Fortune, but each of its respective employees, affiliates, subsidiaries, parent companies, sister companies, agents, officers, directors, shareholders, legal representatives,

successors, licensees, and assigns.  Plaintiffs are informed and believe and based there on allege, that Sandpiper and Tradewinds are affiliates, subsidiaries, parent companies, or sister companies of Fortune and that the terms of the May 2014 Consent and Settlement Agreement are binding upon them.

28.     Plaintiffs are informed and believe and based there on allege, that consistent with the Consent and Settlement Agreement, on or about January 16, 2015, Defendants or persons associated with Defendants filed US Trademark Application Serial No. 86/505,726 for RUMFISH GRILL Logo for use with clothing, and restaurant and bar services, all claiming a first use in commerce date of June 2, 2014, which application was published for opposition on January 1, 2019.

29.     In or about March 2016, Plaintiffs became aware of a potential violation of the Consent and Settlement Agreement by Defendants.  Specifically, Plaintiffs became aware of an announcement by Defendants regarding the opening of "Guy Harvey's Rumfish Grill" in Tampa International Airport.  The announcement included an artist's rendering of the signage, which showed only "Guy Harvey's Rumfish" – without "Grill".

30.     Plaintiffs sent a notice to Defendants regarding their apparent use of RUMFISH in a manner inconsistent with the Consent and Settlement Agreement.  The response from Defendants, specifically the President and CEO Timothy R. Bogott, admitted that the artist's rendering was in error and acknowledged the name will be displayed as RUMFISH GRILL "consistent with [the] agreement."

31.     Plaintiffs began using their "RUMFISH y vino" mark with bar and restaurant services in the United States at least as early as November 8, 2016 – two and one-half years after the effective date of the Consent and Settlement Agreement.  Plaintiffs opened "RUMFISH y

vino" in Ventura, California in November 2016 and have continuously operated the restaurant and bar since.

32.    In or about September 2018, counsel for Defendants contacted Plaintiffs requesting their position on a proposed addendum to the Consent and Settlement Agreement whereby Defendants would be permitted to use the terms RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, for clothing, towels, hotel services, resort services, reservation and lodging service, and fishing services.  The parties engaged in discussions over the next several months, but ultimately did not come to an agreement on an addendum.  Plaintiffs understood that if the parties could not come to an agreement on an addendum, Defendants would go in a different direction for their branding.

33.    During the course of those discussions, Plaintiffs became aware of some additional trademark applications filed by Defendants.

34.    Plaintiffs are informed and believe and based there on allege, that on or about August 6, 2018, Defendants or persons associated with Defendants filed US Trademark Application Serial No. 88/066,454 for RUMFISH for use with clothing, towels, hotel and resort services, online reservations and bookings, and fishing services, based upon a bona fide intent to use the mark in commerce.

35.    Plaintiffs are informed and believe and based there on allege, that on or about August 6, 2018, Defendants or persons associated with Defendants filed US Trademark Application Serial No. 88/066,480 for RUMFISH BEACH RESORT for use with clothing, towels, hotel and resort services, and online reservations and bookings, based upon a bona fide intent to use the mark in commerce.

36.     Plaintiffs are informed and believe and based there on allege, that on or about August 6, 2018, Defendants or persons associated with Defendants filed US Trademark Application Serial No. 88/066,500 for RUMFISH CHARTERS for use with clothing, towels, and fishing services, based upon a bona fide intent to use the mark in commerce.

37.     On or about February 14, 2019, Plaintiffs became aware of a number of news articles and press releases regarding one or more of Plaintiff's resort properties.  Specifically, the articles and releases announced that Defendant's licensing arrangements with Guy Harvey were ending in March 2019 and the Defendants intended to rebrand The Guy Harvey Outpost as RUMFISH BEACH RESORT.  Defendants also expressed an intention to use RUMFISH BEACH LIFE, as well as, generally referred to its businesses as the RUMFISH BRAND.

38.     On or about February 15, 2019, Plaintiffs sent a cease and desist letter to Defendants with a copy to their attorneys.  The letter set forth Plaintiffs' position regarding the intended rebranding as RUMFISH BEACH RESORT and/or RUMFISH BEACH LIFE, as well as, references to the RUMFISH BRAND, being violations of the terms of the May 2014 Consent and Settlement Agreement.

## FIRST CAUSE OF ACTION FOR ACTUAL AND ANTICIPATORY BREACH OF CONTRACT

39.     Plaintiffs incorporate by reference as part of this cause of action the allegations contained in ¶¶5 through 38.

40.     The May 2014 Consent and Settlement Agreement is a binding and enforceable agreement between Plaintiffs and Defendants.

41.     Plaintiffs have performed all of their duties and obligations under the May 2014 Consent and Settlement Agreement, and are not presently in breach of the same, material or otherwise.

42.     By the terms of the May 2014 Consent and Settlement Agreement, Defendants, and each of them, are prohibited from using RUMFISH on its own for restaurant and bar services in the United States.

43.     In addition, any and all uses of the term "RUMFISH" by Defendants, and each of them, must be in connection with and immediately followed by the term "GRILL".

44.     Plaintiffs are informed and believe and based there on allege, that on or about March 13, 2019, Defendants intend to begin operating at least one of their resort properties as RUMFISH BEACH RESORT in violation of the May 2014 Consent and Settlement Agreement.

45.     Plaintiffs are informed and believe and based there on allege, that on or about March 13, 2019, Defendants intend to begin operating using the mark RUMFISH BEACH LIFE in connection with a planned rebranding of at least one of its resort properties in violation of the May 2014 Consent and Settlement Agreement.

46.     Plaintiffs are informed and believe and based there on allege, that Defendants have stated, under oath, that they have a bona fide intention to use the marks RUMFISH, RUMFISH BEACH RESORT, and RUMFISH CHARTERS in United States commerce.

47.     Each of the foregoing actions and intentions expressed by Defendants is a failure of Defendants to satisfy their duties and obligations under the May 2014 Consent and Settlement Agreement and constitutes an actual or anticipatory material breach thereof.  Such breaches are material as they all go to the essence of the agreement, to wit, the parties' respective uses of the term RUMFISH.

48.     Because of Defendants' actual and/or anticipatory breaches, Plaintiffs have suffered or will suffer general and consequential damages, including loss of the benefit of the

bargain, loss of future earnings, and irreparable damages from injury to the goodwill in Plaintiffs' trademarks, in an amount to be proven at trial, but believed to be in excess of $75,000.

49.     Because of Defendants' actual and/or anticipatory breaches, Plaintiffs are entitled to rescission of the May 2014 Consent and Settlement Agreement, return of their US Trademark Application for the term RUMFISH on its own and registration of the same, or, in the alternative, an order of specific performance directing Defendants to only use "Rumfish" in conjunction with and immediately followed by the term "Grill", regardless of the goods and/or services.

### SECOND CAUSE OF ACTION FOR INFRINGEMENT
### OF U.S. TRADEMARK REGISTRATIONS

50.     Plaintiff incorporates by reference as part of this cause of action the allegations contained in ¶¶5 through 49.

51.     Plaintiffs are the exclusive owner of U.S. Trademark Registration No. 5,124,613 for RUMFISH Y VINO, listed on the Principal Register, granted January 17, 2017, having been filed on October 7,2013 and used for bar and restaurant services included within Int. Cls. 43. (Exhibit A).

52.     Subsequent adoption and commercial use by Defendants of RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, and RUMFISH BEACH LIFE in connection with their clothing, towels, hotel services, resort services, reservation and lodging service, and fishing services contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement is likely to cause confusion, mistake and deception in the minds of purchasers, members of the trade and the general public, relative to Plaintiffs, Plaintiffs' federally registered mark, and the correct source of the parties' respective services.

53.     Past, present and future commercial usage by Defendants of the RUMFISH name and commercial designations that include RUMFISH BEACH RESORT, RUMFISH

CHARTERS, and RUMFISH BEACH LIFE contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement constitutes infringement of Plaintiffs' U.S. trademark registration under the U.S. trademark laws. 15 U.S.C. §1051 et. seq., 15 U.S.C. §1114(a).

54.    Plaintiffs are entitled to a full range of injunctive and monetary relief and remedies under the U.S. trademark laws. 15 U.S.C. §§ 1116, 1117 and 1118.

### THIRD SECOND CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN AND FALSE REPRESENTATION RE TRADEMARKS UNDER THE LANHAM ACT 15 U.S.C. §1125(a)(1)(A)

55.    Plaintiff incorporates by reference as part of this cause of action the allegations contained in ¶¶5 through 54.

56.    The RUMFISH Y VINO name used by Plaintiffs for their bar and restaurant services is a designation of origin that identifies Plaintiffs as an exclusive source and distinguishes Plaintiffs' services in the marketplace.

57.    The designation of origin RUMFISH Y VINO, as used by Plaintiffs as a mark and a source indicator was inherently distinctive when first used and protectable under the U.S. trademark laws long prior to Defendants' use of RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, and RUMFISH BEACH LIFE contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement, which are all identical and a closely similar designation to Plaintiffs' RUMFISH Y VINO mark.

58.    The designation of origin RUMFISH Y VINO, as used by Plaintiffs as source indicators, are readily recognized and have become famous among customers, members of the trade and the general public by reason of Plaintiffs' extensive use of these designations of origin, in Belize and the U.S., in connection with selling, promoting and advertising their services.

59.     Plaintiffs are informed and believe and based thereon allege that Defendants promote and advertise (and intend to promote and advertise) their clothing, towels, hotel services, resort services, reservation and lodging service, and fishing services identified by the names RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, and RUMFISH BEACH LIFE contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement by issuing press releases, operating a resort location, maintaining a website, and distributing commercial trade pieces and promotional items.

60.     Defendants' unauthorized usage of RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, and RUMFISH BEACH LIFE contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement is likely to cause consumer confusion relative to Plaintiffs, Defendants, and the correct source of the parties' respective services.

61.     Defendants' prominent use of RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, and RUMFISH BEACH LIFE contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement will likely cause members of the trade, customers and others to mistakenly believe that Defendants are affiliated or otherwise authorized by Plaintiffs.

62.     By using the above-described false designations of origin RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, and RUMFISH BEACH LIFE contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement, Defendants have and will pass off its services as Plaintiffs' services.

63.     Defendants knew or should have known that in selecting and using RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, and RUMFISH BEACH LIFE contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement as designations

of origin, it would likely fool purchasers and members of the trade into mistakenly believing that Plaintiffs' and Defendants' services were commonly produced, sponsored, approved or licensed.

64.     Commercial usage by Defendant of RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, and RUMFISH BEACH LIFE contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement is likely to cause confusion, mistake and deception in the minds of purchasers, members of the trade and the general public - relative to Plaintiffs' services, Plaintiffs' commercial activities, Plaintiffs and the correct source of Defendants' services.

65.     Existing and potential customers, members of the trade, as well as members of the general public will, upon observing or reacting to Defendants' usage of RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, and RUMFISH BEACH LIFE contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement, likely believe there is a sponsorship, affiliation, association, licensing and/or other business connection between Plaintiffs and Defendants.

66.     Plaintiffs have no plain, speedy or adequate remedy at law and will continue to suffer great and irreparable injury to the trade identify rights for which it cannot be fully compensated in damages - unless the Court enjoins Defendants from further use of its confusingly similar and false designation of origin RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, and RUMFISH BEACH LIFE contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement.

67.     Past, present and future commercial usage by Defendants of RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, and RUMFISH BEACH LIFE contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement – constitute

infringement, false designation of origin, false representation and violation of Plaintiffs' trade identity rights and the general public's right to be free from confusion and misrepresentations under the U.S. trademark laws. 15 U.S.C. §1051, et seq., §1125(a)(1)(A).

68.     Plaintiffs are entitled to a full range of injunctive and monetary relief and remedies under the provisions of The Lanham Act and the U.S. laws relating to trademarks and unfair competition. 15 U.S.C. §§1116, 1117 and 1118.

## FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF
### 28 U.S.C. § 2201

69.     Plaintiff incorporates by reference as part of this cause of action the allegations contained in ¶¶5 through 68.

70.     An actual and present controversy exists between Plaintiffs and Defendants with respect to Defendants' ability to use RUMFISH, RUMFISH BEACH RESORT, RUMFISH CHARTERS, and RUMFISH BEACH LIFE contrary to the terms and covenants of the May 2014 Consent and Settlement Agreement.

71.     In this complaint, Plaintiffs seek rescission of the May 2014 Consent and Settlement Agreement because of Defendants' actual and/or anticipatory material breaches thereof.  Plaintiffs also seek restoration of their right to use RUMFISH on its own as a trademark in the United States.

72.     In the event that this Court determines that the May 2014 Consent and Settlement Agreement should be rescinded and that Plaintiffs' right to use the trademark RUMFISH on its own should be restored, Plaintiffs seek a declaration that its rights to use the trademarks RUMFISH, RUMFISH Y VINO, and any other formative mark using the term RUMFISH is superior to any rights that Defendants may claim in RUMFISH, RUMFISH GRILL, RUMFISH

BEACH RESORT, RUMFISH CHARTERS, RUMFISH BEACH LIFE, or any other formative mark using the term RUMFISH.

73. Moreover, the prior knowledge of Defendants and the May 2014 Consent and Settlement Agreement with Plaintiffs supports the declaration that Defendants have waived any right to object to Plaintiffs' use of the trademarks RUMFISH, RUMFISH Y VINO, and any other formative mark using the term RUMFISH, that Defendants are estopped from asserting any such objection, and is similarly barred from doing so under the doctrines of laches and acquiescence.

74. Plaintiffs' and Defendants' interests are adverse, and a judicial determination is necessary and appropriate to resolve the parties' respective interests.

75. Plaintiffs request that this Court resolve the competing contentions of the parties and declare that:

a. as between Plaintiffs and Defendants, Plaintiffs alone are entitled to use the marks RUMFISH, RUMFISH Y VINO, and any formative mark incorporating the term RUMFISH;

b. Defendants do not have the right to use the terms RUMFISH, RUMFISH GRILL, RUMFISH BEACH RESORT, RUMFISH CHARTERS, RUMFISH BEACH LIFE, or any other formative mark using the term RUMFISH in connection with any goods and/or services;

c. Defendants' US Trademark Registration No. 4,832,829 for RUMFISH GRILL should be cancelled, and cannot be used by Defendants to challenge Plaintiffs' use of their RUMFISH Y VINO mark or any formative mark incorporating the term RUMFISH for any products or services;

d.  Defendants' US Trademark Application Serial No. 86/505,726 for RUMFISH GRILL Logo should be refused or abandoned, and cannot be used by Defendants to challenge Plaintiffs' use of their RUMFISH Y VINO mark or any formative mark incorporating the term RUMFISH for any products or services;

e.  Defendants' US Trademark Application Serial No. 88/066,454 for RUMFISH should be refused or abandoned, and cannot be used by Defendants to challenge Plaintiffs' use of their RUMFISH Y VINO mark or any formative mark incorporating the term RUMFISH for any products or services;

f.  Defendants' US Trademark Application Serial No. 88/066,480 for RUMFISH BEACH RESORT should be refused or abandoned, and cannot be used by Defendants to challenge Plaintiffs' use of their RUMFISH Y VINO mark or any formative mark incorporating the term RUMFISH for any products or services;

g.  Defendants' US Trademark Application Serial No. 88/066,500 for RUMFISH CHARTERS should be refused or abandoned, and cannot be used by Defendants to challenge Plaintiffs' use of their RUMFISH Y VINO mark or any formative mark incorporating the term RUMFISH for any products or services;

h.  Plaintiffs' use of the mark RUMFISH Y VINO has at all times been proper and does not violate any terms of the May 2014 Consent and Settlement Agreement or any rights that Defendants may have; and

i.  Defendants have waived, are estopped, and are otherwise barred from claiming Plaintiffs infringed the rights, if any, that Defendants may have in any mark incorporating the term "RUMFISH".

**FIFTH CAUSE OF ACTION FOR CANCELLATION OF MARKS**
**UNDER THE LANHAM ACT 15 U.S.C. §§1064 and 1119**

76.     Plaintiff incorporates by reference as part of this cause of action the allegations contained in ¶¶5 through 76.

77.     Plaintiffs are the first users of the term "RUMFISH", in any form, and entitled to sole and exclusive ownership and use of the same, but for the May 2014 Consent and Settlement Agreement.

78.     The May 2014 Consent and Settlement Agreement is subject to rescission because of Defendants' material breach as alleged above.

79.     Defendants claim ownership of U.S. Trademark Registration No. 4,832,829 for RUMFISH GRILL. U.S. Trademark Registration No. 4,832,829 should be cancelled pursuant to 15 U.S.C. sections 1064 and 1119, because, as between Plaintiffs and Defendants, Defendants are the junior users and the term RUMFISH GRILL is likely to cause confusion, mistake, or deception as to the existence of an affiliation, connection, or association between Plaintiffs and Defendants.   In addition, Defendants were only permitted to use the RUMFISH GRILL trademark and obtain U.S. Registration 4,832,829 because of the Consent and Settlement Agreement as Plaintiffs' prior filed "RUMFISH y vino" application had been cited against their application.

80.     Defendants claim ownership of US Trademark Application Serial No. 86/505,726 for RUMFISH GRILL Logo. US Trademark Application Serial No. 86/505,726 should be refused registration and the application abandoned pursuant to 15 U.S.C. sections 1064 and 1119, because, as between Plaintiffs and Defendants, Defendants are the junior users and the RUMFISH GRILL Logo is likely to cause confusion, mistake, or deception as to the existence of an affiliation, connection, or association between Plaintiffs and Defendants.

81.     Defendant claims ownership of US Trademark Application Serial No. 88/066,454 for RUMFISH. US Trademark Application Serial No. 88/066,454 should be refused registration and the application abandoned pursuant to 15 U.S.C. sections 1064 and 1119, because, as between Plaintiffs and Defendants, Defendants are the junior users and RUMFISH is likely to cause confusion, mistake, or deception as to the existence of an affiliation, connection, or association between Plaintiffs and Defendants, and the RUMFISH application is contrary to the Consent and Settlement Agreement.

82.     Defendant claims ownership of US Trademark Application Serial No. 88/066,480 for RUMFISH BEACH RESORT. US Trademark Application Serial No. 88/066,480 should be refused registration and the application abandoned pursuant to 15 U.S.C. sections 1064 and 1119, because, as between Plaintiffs and Defendants, Defendants are the junior users and RUMFISH is likely to cause confusion, mistake, or deception as to the existence of an affiliation, connection, or association between Plaintiffs and Defendants, and the RUMFISH BEACH RESORT application is contrary to the Consent and Settlement Agreement.

82.     Defendant claims ownership of US Trademark Application Serial No. 88/066,500 for RUMFISH CHARTERS. US Trademark Application Serial No. 88/066,500 should be refused registration and the application abandoned pursuant to 15 U.S.C. sections 1064 and 1119, because, as between Plaintiffs and Defendants, Defendants are the junior users and RUMFISH is likely to cause confusion, mistake, or deception as to the existence of an affiliation, connection, or association between Plaintiffs and Defendants, and the RUMFISH CHARTERS application is contrary to the Consent and Settlement Agreement.

84.     Pursuant to the Lanham Act, the Court has jurisdiction to order the USPTO to make appropriate entries on the Federal Register with respect to the subject marks, and its

inability to serve as a proper indicator of origin, due to its likelihood of causing confusion, mistake, or deception as to the existence of an affiliation, connection, or association between Plaintiffs and Defendants.  The Court can also order the Defendants to abandon any registration or application.

* * * * *

<u>**RELIEF SOUGHT**</u>

WHEREFORE, Plaintiffs Rumfish Y Vino Corporation and JPL Partners #1, LP, pray for:

1.      Rescission of the May 2014 Consent and Settlement Agreement between Plaintiffs and Defendants;

2.      Judgment for preliminary and permanent injunctions enjoining Defendants Fortune Hotels, Inc., RIA-Sandpiper, Inc., Resort Inns of America, Inc. d/b/a Tradewinds Island Resort, all their officers, directors, owners, partners, employees, servants and agents, and all those persons in active concert or participation with Defendants from violating Plaintiffs' rights by way of:

(a)      using RUMFISH, RUMFISH GRILL, RUMFISH BEACH RESORT, RUMFISH CHARTERS, or any name or phrase including "RUMFISH" for or in connection with any goods or services;

(b)      using any word, name, mark, designation, logo or other materials for or in connection with any goods or services - which is likely to cause confusion, mistake or deception as to source relative to any of Plaintiffs' names, marks, designations of origin, logos, including RUMFISH, RUMFISH Y VINO, RUMFISH-related marks, or phrases including "RUMFISH";

(c)     using a website or domain name including the word "RUMFISH" for any goods or services;

(d)     passing off Defendants' goods or services as Plaintiffs' goods or services;

(e)     practicing unfair competition, unfair trade practices, false advertising and/or misappropriation of Plaintiffs' trade identity in RUMFISH;

(f)     practicing any conduct aimed at or likely to result in diverting business intended for Plaintiffs or injuring Plaintiffs' good will and business reputation in RUMFISH by way of imitation, misappropriation, false statements, fraud, advertising and/or deception.

3.     An Order from the Court commanding that Defendant mail notice letters at its expense to all customers, accounts, distributors, salesmen, sales reps, and suppliers - informing them that Defendant has committed unfair competition and trademark infringement against Plaintiff and that it has no affiliation with Plaintiff.

4.     An Order from the Court commanding that Defendant destroy and provide a certification of such destruction of all advertising, labeling, packaging, sales literature, promotional literature, catalogs, marketing materials and other trade pieces within its possession or control which use or display RUMFISH, RUMFISH GRILL, RUMFISH BEACH RESORT, RUMFISH CHARTERS, or any phrase including the term "RUMFISH";

5.     Actual and compensatory money damages suffered by Plaintiff, and treble damages for the trademark infringement, in an amount to be ascertained, but in excess of $75,000;

6.     An accounting for all Defendants' profits from the acts of infringement;

7.     Exemplary and punitive damages against Defendants;

8.        Reasonable attorneys' fees and costs of this civil action. 15 U.S.C. §1117(a);

9.        Defendants' U.S. Trademark Registration No. 4,832,829 for RUMFISH GRILL be cancelled;

10.      Defendants US Trademark Application Serial Nos. 86/505,726 for RUMFISH GRILL Logo, 88/066,454 for RUMFISH, 88/066,480 for RUMFISH BEACH RESORT, and 88/066,500 for RUMFISH CHARTERS be refused registration and the applications abandoned; and;

11.      All other injunctive and monetary relief which the Court deems justifiable.

\* \* \* \* \*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs Rumfish Y Vino Corporation and JPL Partners #1, LP hereby demand a trial by jury.

DATED 8TH day of March, 2019.

Respectfully Submitted,

*/s/ Murray B. Silverstein*
Murray B. Silverstein
Florida Bar No. 349216
Jacob L. Boehner
Florida Bar No. 1002685
**GREENSPOON MARDER LLP**
401 East Jackson Street, Suite 1825
Tampa, FL 33602 | (813) 769-7036
murray.silverstein@gmlaw.com
Secondary: moneka.simpson@gmlaw.com
jacob.boehner@gmlaw.com