# EXHIBIT H



South Florida Office
500 W. Cypress Creek Road, Suite 430
Fort Lauderdale, FL 33309
Direct: (954) 790-6690
Fax: (954) 206-0013

Charlotte Office
525 N. Tryon Street, Suite 1600
Charlotte, NC 28202
Direct: (704) 899-5783

David Johnson, Registered Patent Attorney
E-mail: david.johnson@johnsonmartinlaw.com
*Licensed to Practice in Florida and North Carolina

May 1, 2014

<u>VIA E-MAIL</u>

Brent Sausser, Esq.
The Law Firm of Sausser & Spurr, LLC
2 Rosedale Drive
Charleston, SC 29407

RE:   RUMFISH Service Mark
      Our File No.: 26476-0001

Dear Brent:

As you know, our law firm represents RIA-Sandpiper, Inc. ("RIA-Sandpiper"), the owner of the resort property that will be opening a restaurant and bar under the trade names and using the service marks GUY HARVEY RUMFISH GRILL and RUMFISH GRILL. This letter is being sent in response to your letter to our client dated April 24, 2014 as well as to confirm my discussions with you this week.

While we understand from your letter that your client, Rumfish Y Vino Corporation ("RYV Corp.") operates a restaurant in Belize, such foreign usage of a mark affords the user no rights whatsoever in and to that mark in the United States. Federal case law and the United States Patent and Trademark Office's regulations pertaining to the registration of trademarks are unequivocal: "Use of a mark in a foreign country does not give rise to rights in the United States if the goods or services are not sold or rendered in the United States." Trademark Manual of Examining Procedure 901.03. When RYV Corp.'s services are being rendered only in Belize, clearly, it has no legal right or interest in the word "rumfish" ("the Disputed Mark") as a service mark in the United States. Further, insofar as RYV Corp. does not operate any business or own, use, or have any interest in the Disputed Mark in the United States, it has no actionable right for trademark infringement, dilution, unfair competition, or any other cause of action against RIA-Sandpiper.

With respect to RYV Corp.'s two pending federal trademark applications (U.S. Application Serial No. 86/249,678 for RUMFISH and U.S. Application Serial No. 86/084,571

Brent Sausser, Esq.
May 1, 2014
Page 2

for RUMFISH Y VINO), our client believes that the former application may have been filed in bad faith in that your client did not and does not have a present bona fide intent to use the Disputed Mark in commerce in the United States, while the latter application was filed on an improper (and perhaps fraudulent) basis in that that mark is not in use in the United States presently nor was it in use in this country at the time the application was filed under Section 1(a).

If this matter cannot be resolved promptly, RIA-Sandpiper is prepared to file a declaratory action lawsuit in the United States District Court for the Middle District of Florida asking the court to (i) declare that its rights in and to the Disputed Mark have priority over any claim made by RYV Corp.; (ii) enter an order requiring RYV Corp. to expressly abandon both of its pending federal trademark applications; and (iii) enjoining RYV Corp. from using and/or filing further applications applying to register the Disputed Mark in the United States. RIA-Sandpiper may include additional causes of action related to the bad faith and fraudulent trademark application filings.

In addition to the forgoing, our client may also pursue an opposition proceeding against RYV Corp.'s pending application for RUMFISH based on its belief that the application may have been filed in bad faith with no real bona fide intent by your client to use the mark in commerce in the United States. Our client is confident that during discovery, your client will be unable to present any objective, documentary evidence to support its declaration in the application stating that it has the requisite bona fide intent to use the mark. RYV's discussions with potential franchisees in Caribbean nations and a brief invitation on its website inviting calls from anyone interested in becoming a franchisee fall far short of the documentation of a concrete and definite plan to use the Disputed Mark or any variation of it in the United States. On the other hand, RIA-Sandpiper has engaged in substantial pre-sale activities through advertising and promoting under its marks and through its extensive trade name usage of the marks, which taken together provide a compelling basis for an opposition in which we would expect it to prevail. When and if RYV Corp.'s pending application for RUMFISH Y VINO becomes registered, concurrently with the litigation, RIA-Sandpiper may petition to cancel such registration on the basis of non-use of that mark by your client in the United States.

As we discussed this afternoon, our client rejects your client's settlement offer to enter into a consent agreement whereby RIA-Sandpiper would be permitted to use the Disputed Mark only in St. Petersburg, Florida in exchange for a payment in the amount of $500,000.00 to RYV Corp. Given that your client is not currently using the Disputed Mark anywhere in this country, and likely has no real bona fide intent to do so as evidenced by any objective evidence of the kind required by law, RYV Corp.'s settlement offer itself seems made in bad faith and with no other purpose but, frankly, to attempt to extort money from our client, thereby lending credence to our client's belief that RYV Corp. rushed to preemptively file its federal application for RUMFISH on April 11, 2014 as a result of having just discovered RIA-Sandpiper's announced opening of its restaurant under a mark incorporating the term "rumfish" in May 2014. The case law is well-settled that such preemptive filings of intent-to-use trademark applications are made in bad faith.

Brent Sausser, Esq.
May 1, 2014
Page 3

    Notwithstanding RYV Corp.'s likely bad faith in filing its pending trademark applications as well as in its settlement offer, as I mentioned during our call this afternoon, RIA-Sandpiper has instructed us to make the following counter-offer: RIA-Sandpiper will agree to enter into a consent agreement with RYV Corp. that, among other terms, (i) grants RIA-Sandpiper the exclusive right to use its marks in the State of Florida and permits it to file applications with the United States Patent and Trademark Office and with the State of Florida's trademark office to register those marks; (ii) grants RYV Corp. the right to use its marks in any state of the United States except in the State of Florida; (iii) provides an agreement that neither party will challenge the other party's trademark applications or registrations containing the Disputed Mark or any variations or iterations of the same; and (iv) provides for a one-time payment by RIA-Sandpiper to RYV Corp. in the amount of $25,000.00.  Given that our client's restaurant opening, which has been planned for many months, is scheduled to occur in a matter of days, this offer remains valid until 12:00 noon on Monday, May 5, 2014.  This letter is not one in a series of letters, but rather, is RIA-Sandpiper's attempt to resolve this dispute quickly.  If RYV Corp. has not provided us with its acceptance of the offer by that time, RIA-Sandpiper is prepared to immediately proceed according to the aforementioned courses of action against RYV Corp.

    This letter is written for purposes of compromise and settlement, and nothing herein shall limit or be construed to limit any position, rights, additional demands or claims that our client may have or assert, all of which are expressly reserved.

    We appreciate your cooperation in this matter, and look forward to your response.

                                        Very truly yours,

                                        David Johnson

cc: RIA-Sandpiper, Inc.