# EXHIBIT I

**CONSENT AND SETTLEMENT AGREEMENT**

THIS CONSENT AND SETTLEMENT AGREEMENT is made and entered into by and between RESORT INNS OF AMERICA, INC., a Florida corporation ("RIA Inc."), having a principal address at 6000 Gulf Boulevard, St. Pete Beach, Florida 33706, and RUMFISH Y VINO CORPORATION, a Belize corporation ("RYV Corp."), having a principal address at Placencia Village Square, Stann Creek District, Placencia, Belize, (RIA Inc. and RYV Corp. each individually referred to as a "Party" and collectively referred to herein as the "Parties") on this ___ day of May, 2014 ("the Effective Date").

<u>Recitals</u>

WHEREAS, RYV Corp. has applied to register the marks RUMFISH Y VINO and RUMFISH under U.S. Trademark Application Serial Nos. 86/084,571 and ~~RUMFISH~~ 86/249,678, respectively, with the United States Patent and Trademark Office ("USPTO") in connection with bar services and restaurant services in International Class 43.

WHEREAS, ~~on May 1, 2014,~~ RIA Inc. has applied to register the mark RUMFISH GRILL with the USPTO under U.S. Trademark Application Serial No. 86/269,370 in connection with restaurant services, bar services, and clothing in International Classes 25 and 43;

WHEREAS, the Parties are involved in a dispute concerning their respective rights to use and to register the foregoing applied-for marks ("the Dispute") and now wish to settle the Dispute pursuant to the terms of this Agreement;

WHEREAS, the Parties' respective applied-for marks differ in spelling and pronunciation and the Parties believe in good faith that actual confusion is unlikely. The Parties are unaware of any evidence of actual instances of confusion, and neither Party contemplates expanding its distribution in such a way as to create a likelihood of confusion;

WHEREAS, based on the best information available to the Parties, it appears that ~~they~~RYV Corp. will become entitled to ~~each~~ use ~~their respective marks~~its RUMFISH Y VINO mark and RIA Inc. will become entitled to use its RUMFISH GRILL mark in the United States as a result of their future concurrent lawful use in commerce ~~on~~in connection with such services and goods ~~and~~ in such a manner that confusion, mistake or deception would not likely result from such continued concurrent use.

NOW THEREFORE, for and in consideration of the covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties acknowledge and agree as follows:

**1.     Consent to Registration.**  RYV Corp. acknowledges RIA Inc.'s ownership of and right to use and register ~~its RUMFISH GRILL trademark~~in the United States its RUMFISH GRILL mark, its GUY HARVEY RUMFISH GRILL mark, and other word and design marks that are variations and iterations of the foregoing (collectively, "RIA's Marks") in connection with restaurant services, bar services, and clothing in International Classes 25 and 43. RYV Corp. hereby gives its consent to registration of the mark RUMFISH GRILL in and with the USPTO under Application Serial No. 86/269,370, as well as the registration of its GUY ~~HARVEY'S~~HARVEY RUMFISH GRILL mark, and ~~any~~ other ~~application for RUMFISH GRILL under any applications filed by RIA Inc. after the Effective Date,~~marks that are variations and iterations of the foregoing with the USPTO and/or any state trademark agency. RYV Corp. requests that the USPTO register ~~them (collectively "~~RIA's Marks~~")~~.

**2. Consent to Registration.** RIA Inc. acknowledges RYV Corp.'s ownership of and right to use and register in the United States its RUMFISH Y VINO ~~trademark~~mark in connection with bar services and restaurant services in International Class 43. RIA Inc. hereby gives its consent to registration of the mark RUMFISH Y VINO in and with the USPTO under Application Serial No. 86/269,370, as well as any other application for RUMFISH Y VINO ~~filed by RYV Corp. after the Effective Date, and requests that the USPTO register them (collectively "RYV's Marks"). In addition, RIA Inc. acknowledges RYV Corp.'s exclusive ownership of and right to use and register its RUMFISH Y VINO and RUMFISH trademarks in connection with bar services and restaurant services within the Caribbean region, including but not limited to, Puerto Rico, U.S. Virgin Islands, Antigua and Barbuda, Bahamas, Barbados, Colombia, Dominica, Dominican Republic, Guadeloupe and dependencies, Martinique, Saint Barthélemy, Saint Martin (France), Grenada, Haiti, Honduras, Jamaica, Aruba, Curaçao, Dutch Caribbean – BES Islands, Sint Maarten, Mexico, Nicaragua, Saint Kitts and Nevis, Saint Lucia, Saint Vincent and the Grenadines, Trinidad and Tobago, Anguilla, British Virgin Islands, Cayman Islands, Montserrat, Turks and Caicos Islands, Tortola, Dominican Republic, Tortuga (collectively "RYV's Caribbean Marks").~~(collectively "RYV's Marks") filed by RYV Corp. with the USPTO and/or any state trademark agency. RIA Inc. requests that the USPTO register RYV's Marks.

**3. Covenants of RIA Inc.** RIA Inc. agrees that it will not utilize the ~~marks~~words and phrases RUMFISH, RUMFISH BAR, and/or RUMFISH Y VINO in connection with restaurant and bar services in ~~any state of~~ the United States~~ and~~. The foregoing restriction shall also apply within the Caribbean ~~region~~Territory as that term is defined in and subject to the terms of Section 8 of this Agreement. RIA Inc. further covenants and agrees that it will not file a lawsuit against RYV Corp. related to the Dispute. RIA Inc. agrees that it will not challenge the validity or ownership of RYV's Marks ~~and/or RYV's Caribbean Marks~~in the United States (or in the Caribbean Territory subject to the terms of Section 8 of this Agreement). Nothing in this Agreement shall restrict RIA Inc. from using or registering any other mark that does not contain the word RUMFISH subject to any prior rights of RYV Corp. or of any third party in and to such other mark.

**4. Covenants of RYV Corp.** RYV Corp. agrees that it will not utilize the ~~marks~~words and phrases RUMFISH, RUMFISH GRILL, RUMFISH GRILLE, GUY HARVEY RUMFISH GRILL, and/or RUMFISH BAR in connection with restaurant and bar services in ~~any state of~~ the United States. RYV Corp. further covenants and agrees that it will not file a lawsuit against RIA Inc. related to the Dispute. RYV Corp. agrees that it will not challenge the validity or ownership of RIA's Marks. Nothing in this Agreement shall restrict RYV Corp. from using or registering any other mark that does not contain the word RUMFISH subject to any prior rights of RIA Inc. or of any third party in and to such other mark.

**5. No Likelihood of Confusion and/or Actual Confusion.** The Parties acknowledge and agree that the Parties' respective ~~trademarks~~marks, when viewed in their entireties, are sufficiently different as to appearance, sound, connotation and commercial impression so that confusion as to the source of the ~~source between the~~ Parties' respective goods, services, and business is unlikely. The Parties represent that, to the best of their knowledge, there has been no actual confusion between ~~the~~ their respective marks. The Parties agree to actively police their respective ~~trademarks~~marks so as to avoid confusion. In the event that either Party becomes aware of any actual confusion between their respective ~~trademarks~~marks, the Parties agree to communicate all details of each such instance to each other, and to cooperate reasonably to take steps to abate the cause of confusion, and to prevent such confusion from occurring again.

**6. Payment.** As consideration for RYV Corp.'s covenants and obligations set forth herein, within fifteen (15) days after the Effective Date, RIA Inc. agrees to pay to RYV Corp. the sum of Thirty ~~Five~~ Thousand Dollars and Zero Cents ($~~35~~30,000.00). Such payment shall be made in U.S. Dollars via wire transfer to a bank account specified by RYV Corp.

7.     **Express Abandonment.**  Upon receipt of the payment set forth in Section 6 of this Agreement, RYV Corp. agrees to expressly abandon its pending federal trademark application for RUMFISH, U.S. Trademark Application Serial No. 86/249,678.

**8.     Restricted Period.**  For a period of five (5) years after the Effective Date ("the Restricted Period"), RIA Inc. agrees not to use RIA's Marks with restaurant services or bar services in the Caribbean Territory as that term is defined in this Section.  After expiration of the Restricted Period, each Party may each use its marks (i.e., RIA's Marks by RIA Inc. and RYV's Marks by RYV Corp.) anywhere within the Caribbean Territory; provided, however, that after the expiration of the Restricted Period, RIA Inc. shall not use RIA's Marks in any geographic location that is: (i) in any country or territory of the Caribbean Territory in which RYV Corp. has begun using RYV's Marks by providing services therein; (ii) in any country or territory of the Caribbean Territory in which RYV Corp. has secured trademark rights via registration of RYV's Marks under the laws of the subject jurisdiction; and (iii) in any specific location in any country or territory of the Caribbean Territory that is located within a 50-mile radius from any restaurant or bar owned and operated by RYV Corp. under RYV's Marks, regardless of whether such specific location is located in the same or a different country or territory of the Caribbean Territory as one in which RYV Corp. has secured rights under either subsections (i) or (ii) above.  For purposes of clarification, under subsection (i) of this Section, "use" means the opening and continuous operation of a restaurant or bar and providing restaurant and/or bar services under RYV's Marks.  Under this Agreement, the term "Caribbean Territory" shall mean (i) any island country or island territory in the Caribbean Sea that is not a territory of the United States, including but not limited to, Antigua and Barbuda, Bahamas, Barbados, Dominica, Dominican Republic, Guadeloupe and dependencies, Martinique, Saint Barthélemy, Saint Martin (France), Grenada, Haiti, Jamaica, Aruba, Curaçao, Dutch Caribbean - BES Islands, Sint Maarten, Saint Kitts and Nevis, Saint Lucia, Saint Vincent and the Grenadines, Trinidad and Tobago, Anguilla, British Virgin Islands, Cayman Islands, Montserrat, Turks and Caicos Islands, Tortola, Dominican Republic, and Tortuga; and (ii) the following additional countries: Colombia, Honduras, Mexico, and Nicaragua.  For purposes of clarification, Puerto Rico and the U.S. Virgin Islands, being territories of the United States, are not part of the Caribbean Territory.

~~8.~~**9.**     **Cooperation.**  The Parties agree to bring to each other's attention any instances of actual confusion between their respective marks and to cooperate and consult with one another, in good faith, should future conditions or developments suggest to either the possibility that the Parties' respective marks might be likely to be confused with one another, all with the view to insuring that no substantial likelihood of confusion between the Parties' respective marks, as they are used in commerce, shall occur.

~~9.~~**10.**     **Reservation of Rights.**  In the event ~~that either party~~of a breach or breaches of any provision of this Agreement, ~~both parties reserve~~each Party reserves the right to file a lawsuit to seek any and all available remedies at law and in equity and also to file a cancellation and/or opposition proceeding with the USPTO seeking to cancel any registration.

~~10.~~**11.**     **No Admissions.**  Nothing in this Agreement shall be taken to reflect an acknowledgement by either Party of any fault, wrongdoing, or liability, which alleged fault is expressly denied.

**12.     Non-Disparagement.**  From the Effective Date of this Agreement, the Parties shall not make any public disparaging statements, whether written or oral, concerning any of the Parties to this Agreement or concerning any Party's officers, directors, employees, affiliates, agents, attorneys, contracting parties, successors, assigns, or its business or operations.

~~11.~~**13.**     **Assignment; Binding Effect.**  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and each of their respective employees, affiliates, agents, officers, directors,

shareholders, legal representatives, successors (including successors in ownership of the marks at issue), and permitted assigns.  ~~Neither party may assign its rights or delegate its obligations hereunder without the prior written consent of the other party, which request will not be unreasonably withheld.~~

~~12.~~<u>14.</u>  **Representations.** The Parties affirmatively represent that they have not assigned or otherwise transferred any interests, rights, causes of action, or claims they have, may have, or could have against one another arising out of, concerning or relating to the marks and products at issue in the Lawsuit, and will not make any such assignment or transfer prior to fully executing this Agreement.  Each Party further represents and warrants that it has not filed any lawsuit, arbitration, opposition proceeding, or other proceeding against the other Party with respect to the subject matter of the Dispute and agrees not to do in the future except in accordance with this Agreement.

~~13.~~<u>15.</u>  **Entire Agreement.** Except as otherwise set forth herein, this Agreement constitutes the entire agreement between the Parties as of the Effective Date, and supersedes all prior agreements and understandings between the Parties with respect to the purposes, agreements and obligations set forth herein.  Except as otherwise set forth herein, this Agreement may not be amended unless such amendment is in writing and signed by both Parties hereto.

~~14.~~<u>16.</u>  **Authority.** Each person who signs this Agreement on behalf of any Party hereto represents and warrants that he or she has been duly authorized by that Party to enter into this Agreement and to bind the Party.

~~15.~~<u>17.</u>  **Interpretation.**  The title and section headings of this Agreement are included for reference purposes only and do not constitute terms or conditions hereof.  The recitals on page one of this Agreement are hereby incorporated and made a part of this Agreement.  The Parties acknowledge that they have thoroughly reviewed this Agreement and bargained over its terms and that each has had an opportunity to have its legal counsel review this Agreement or has waived the assistance of counsel.  Accordingly, neither party shall be considered responsible for the preparation of this Agreement, which shall be deemed to have been prepared jointly by both parties.

~~16.~~<u>18.</u>  **Separability.**  The invalidity or unenforceability, in whole or in part, of any provision, term, or condition hereof shall not affect the validity or enforceability of the remainder of such provision, term or condition or of any other provision, term, or condition.

~~17.~~<u>19.</u>  **Attorney's Fees and Other Costs.** Each Party shall bear its own costs and attorney's fees associated with this agreement and any additional expenses associated with the preparation of documents pursuant to this Agreement. <u>In the event of any litigation arising out of or relating to this Agreement or any breach or anticipated breach of any provision hereof, the substantially prevailing party in such action shall be entitled to recover all attorney's fees and costs associated therewith including, without limitation, any and all post-judgment, appeal, and collection attorney's fees and costs.</u>

~~18.~~<u>20.</u>  **Governing Law.**  This Agreement will be governed by and construed under the laws of the State of Florida without regard to its rules concerning conflicts of laws.  <u>Jurisdiction and venue for any lawsuit or proceeding arising out of or related to this Agreement, its subject matter and/or any other dispute whatsoever between the parties shall lie exclusively within the federal courts of the U.S. District Court of the Middle District of Florida and the state courts located in Pinellas County, Florida.  Each Party waives any and all challenges to the jurisdiction and venue set forth herein above.</u>

~~19.~~<u>21.</u>  **No Waiver.** Neither Party shall be deemed to have waived any right hereunder unless such waiver is in writing and executed by the waiving party or a duly authorized officer of the waiving party.

No waiver by either Party of any right hereunder shall constitute a waiver of any right on any other occasion.

~~20.~~22.  **Confidentiality.**   The Parties agree that the terms and conditions of this Agreement are confidential and shall not be disclosed to any third party provided, however, that either Party may disclose the terms and conditions of this Agreement to its engaged outside legal or financial counsel who is bound by confidentiality obligations which are no less restrictive than those set forth in this Agreement.  Notwithstanding the foregoing, in connection with any dispute that arises between the Parties with respect to this Agreement, the Parties are permitted to disclose to any court of competent jurisdiction (including in the Party's pleadings and motions) the terms and conditions of this Agreement.  The Parties further agree that either ~~party~~Party may disclose to the USPTO only such terms and conditions of this Agreement (for example, a redacted version of this Agreement) as is necessary for purposes of seeking and obtaining approval of ~~trademark~~ registration of such Party's mark (i.e., one of the RIA's Marks by RIA Inc. or one of RYV's Marks by RYV Corp.) with the ~~United States Patent and Trademark Office~~USPTO.  Each Party agrees that in no event shall Section, 6, Section 8, the portions of Section 3 referencing the Caribbean Territory, and/or this sentence be disclosed to any third party including to the USPTO without the prior written consent of the other Party.

**Formatted:** Space After:  0 pt

~~21.~~23.  **Notices.**   All notices and other communications in connection with this Agreement shall be in writing and shall be mailed by U.S. Mail or by a nationally-recognized overnight carrier, to each Party at the addresses set forth on page one of this Agreement, which may amended from time to time in writing by each Party to the other Party.

~~22.~~24.  **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Further, and without limitation, the parties agree that countersignatures may be exchanged by electronic mail (including by PDF or other similar electronic attachment), facsimile, or other similar means of transmission.

**RESORT INNS OF AMERICA, INC.:**          **RUMFISH Y VINO CORPORATION:**

By: _____          By: _____

Name: _____          Name: _____

Title: _____          Title: _____

Date: _____          Date: _____