# EXHIBIT 3

## CONSENT AND SETTLEMENT AGREEMENT

THIS CONSENT AND SETTLEMENT AGREEMENT is made and entered into by and between FORTUNE HOTELS, INC., a Florida corporation, and its affiliates (collectively, "Fortune"), having a principal address at 5600 Gulf Boulevard, St. Pete Beach, Florida 33706, and RUMFISH Y VINO CORPORATION, a Belize corporation ("RYV Corp."), having a principal address at Placencia Village Square, Stann Creek District, Placencia, Belize, (Fortune and RYV Corp. each individually referred to as a "Party" and collectively referred to herein as the "Parties") on this 23rd day of May, 2014 ("the Effective Date").

### Recitals

WHEREAS, RYV Corp. has applied to register the marks RUMFISH Y VINO and RUMFISH under U.S. Trademark Application Serial Nos. 86/084,571 and 86/249,678, respectively, with the United States Patent and Trademark Office ("USPTO") in connection with bar services and restaurant services in International Class 43.

WHEREAS, Fortune's subsidiary, RIA-Sandpiper, Inc., has applied to register the mark RUMFISH GRILL with the USPTO under U.S. Trademark Application Serial No. 86/269,370 in connection with restaurant services, bar services, and clothing in International Classes 25 and 43;

WHEREAS, the Parties are involved presently in a dispute concerning their respective rights to use and to register the foregoing applied-for marks ("the Dispute") and now wish to settle the Dispute pursuant to the terms of this Agreement;

WHEREAS, the Parties' respective applied-for marks differ in spelling and pronunciation and the Parties believe in good faith that actual confusion is unlikely. The Parties are unaware of any evidence of actual instances of confusion, and neither Party contemplates expanding its distribution in such a way as to create a likelihood of confusion;

WHEREAS, based on the best information available to the Parties, it appears that RYV Corp. will become entitled to use its RUMFISH Y VINO mark and Fortune will become entitled to use its RUMFISH GRILL mark in the United States as a result of their future lawful use in commerce in connection with such services and goods in such a manner that confusion, mistake or deception would not likely result from such continued use.

NOW THEREFORE, for and in consideration of the covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties acknowledge and agree as follows:

1.      **Consent to Registration.** RYV Corp. acknowledges Fortune's ownership of and right to use and register in the United States its RUMFISH GRILL mark, its GUY HARVEY RUMFISH GRILL mark, and other word and design marks that are variations and iterations of the foregoing (collectively, "Fortune's Marks") in connection with restaurant services, bar services, and clothing in International Classes 25 and 43. RYV Corp. hereby gives its consent to registration of the mark RUMFISH GRILL in and with the USPTO under Application Serial No. 86/269,370, as well as the registration of its GUY HARVEY RUMFISH GRILL mark, and other marks that are variations and iterations of the foregoing with the USPTO and/or any state trademark agency. RYV Corp. requests that the USPTO register Fortune's Marks. In the event that RYV Corp. fails to use its RUMFISH Y VINO mark with bar services and/or restaurant services in commerce as a service mark in the United States commencing on or before five (5) years after the Effective Date of this Agreement (the foregoing being hereafter referred to as "RYV's U.S. Use Requirement" and the aforementioned period of time for RYV Corp. to begin use in commerce in the United States being hereafter referred to as "the US Restricted Period"), RYV Corp. further acknowledges and consents to Fortune's right to use and register in the United States the word RUMFISH, by itself, and words and phrases that are variations and iterations of the foregoing. For purposes of this Section, use in commerce as a service mark by RYV Corp. shall not include analogous use, i.e., use that is analogous to but that is not use of RUMFISH Y VINO as a service mark, and such use in commerce must be continuous and ongoing in the United States from the date it commences.

Page 1 of 5

2.        **Consent to Registration.**  Fortune acknowledges RYV Corp.'s ownership of and right to use and register in the United States its RUMFISH Y VINO mark, and other word and design marks that are variations and iterations of the foregoing (collectively "RYV's Marks") in connection with bar services and restaurant services in International Class 43. Fortune hereby gives its consent to registration of the mark RUMFISH Y VINO in and with the USPTO under Application Serial No. 86/269,370, as well as any other application for RUMFISH Y VINO, and other marks that are variations and iterations of the foregoing filed by RYV Corp. with the USPTO and/or any state trademark agency.  Fortune requests that the USPTO register RYV's Marks. For purposes of this Section, and irrespective of whether or not RYV Corp. achieves use in commerce of RUMFISH Y VINO before expiration of the U.S. Restricted Period, RYV Corp. has indefinite rights to register the RUMFISH Y VINO mark (and other word or design marks that are variations and iterations thereof provided that such other word or design marks that are variations and iterations of RUMFISH Y VINO do not cause actual confusion or create a likelihood of confusion with, or otherwise infringe and/or dilute, any mark that Fortune may begin using after expiration of the U.S. Restricted Period).

3.        **Covenants of Fortune.**    Fortune agrees that it will not utilize the words and phrases RUMFISH, RUMFISH BAR, RUMFISH WINE, RUMFISH AND WINE, and/or RUMFISH Y VINO in connection with restaurant and bar services in the United States.  Fortune also agrees any and all uses of the term "Rumfish" must be used in connection with and immediately followed by the term "Grill." The foregoing restrictions shall also apply within the Caribbean Territory as that term is defined in and subject to the terms of Section 8 of this Agreement. Fortune further covenants and agrees that it will not file a lawsuit against RYV Corp. related to the Dispute; provided, however, that such covenant and agreement shall not apply to any future dispute between the Parties. Fortune agrees that it will not challenge the validity or ownership of RYV's Marks in the United States (or in the Caribbean Territory subject to the terms of Section 8 of this Agreement).  Nothing in this Agreement shall restrict Fortune from using or registering any other mark that does not contain the word RUMFISH subject to any prior rights of RYV Corp. or of any third party in and to such other mark. Notwithstanding any other provision in this Agreement, in the event that RYV Corp. fails to meet RYV's U.S. Use Requirement before expiration of the U.S. Restricted Period, the terms and obligations set forth in this Section shall be void and not binding as to Fortune and its acts and business conduct thereafter, except: (i) with respect to the restrictions involving the Caribbean Territory; and (ii) with respect to the restriction against using RUMFISH WINE, RUMFISH AND WINE, and/or RUMFISH Y VINO, which restriction shall remain valid after expiration of the U.S. Restricted Period.  In the event that RYV Corp. uses any of the Fortune Marks after the Effective Date of this Agreement, Fortune reserves its right to pursue all claims, causes of action, and legal and equitable remedies, including those related to trademark infringement and dilution, against RYV Corp.

4.        **Covenants of RYV Corp.**  RYV Corp. agrees that it will not utilize the words and phrases RUMFISH, RUMFISH GRILL, RUMFISH GRILLE, GUY HARVEY RUMFISH GRILL, and/or RUMFISH BAR in connection with restaurant and bar services in the United States.  RYV Corp. further covenants and agrees that it will not file a lawsuit against Fortune related to the Dispute; provided, however, that such covenant and agreement shall not apply to any future dispute between the Parties. RYV Corp. agrees that it will not challenge the validity or ownership of Fortune's Marks in the United States. Nothing in this Agreement shall restrict RYV Corp. from using or registering any other mark that does not contain the word RUMFISH subject to any prior rights of Fortune or of any third party in and to such other mark. In the event that Fortune uses any of the RYV Marks after the Effective Date of this Agreement, RYV Corp. reserves its right to pursue all claims, causes of action, and legal and equitable remedies, including those related to trademark infringement and dilution, against Fortune.

5.        **No Likelihood of Confusion and/or Actual Confusion.**  The Parties acknowledge and agree that the Parties' respective marks, when viewed in their entireties, are sufficiently different as to appearance, sound, connotation and commercial impression so that confusion as to the source of the Parties' respective goods, services, and business is unlikely.  The Parties represent that, to the best of their knowledge, there has been no actual confusion between their respective marks.  The Parties agree to actively police their respective marks so as to avoid confusion.  In the event that either Party becomes aware of any actual confusion between their respective marks, the Parties agree to communicate all details of each such instance to each other, and to cooperate reasonably to take steps to abate the cause of confusion, and to prevent such confusion from occurring again.

6.        **Payment.** As consideration for RYV Corp.'s covenants and obligations set forth herein, within fifteen (15) days after the Effective Date, Fortune agrees to pay to RYV Corp. the sum of Thirty Thousand Dollars and Zero

Consent and Settlement Agreement

Fortune _____ /RYV Corp. _____

Cents ($30,000.00). Such payment shall be made in U.S. Dollars via wire transfer to a bank account specified by RYV Corp.

7.     **Express Abandonment.** Within fifteen (15) days after receipt of the payment set forth in Section 6 of this Agreement, RYV Corp. agrees to expressly abandon its pending federal trademark application for RUMFISH, U.S. Trademark Application Serial No. 86/249,678.

8.     **Consent and Covenants as to the Caribbean Territory; Foreign Restricted Period.** For a period of five (5) years after the Effective Date ("the Foreign Restricted Period"), Fortune agrees not to use Fortune's Marks with restaurant services or bar services in the Caribbean Territory as that term is defined in this Section. Fortune acknowledges RYV Corp.'s exclusive ownership of and right to use and register its RUMFISH Y VINO and RUMFISH marks (collectively, "RYV's Caribbean Marks") in connection with bar services and restaurant services within the Caribbean Territory during the Foreign Restricted Period. After expiration of the Foreign Restricted Period, each Party may use its marks (i.e., Fortune's Marks by Fortune and RYV's Caribbean Marks by RYV Corp.) anywhere within the Caribbean Territory; provided, however, that after the expiration of the Foreign Restricted Period, Fortune shall not use Fortune's Marks in any geographic location that is: (i) in any country or territory of the Caribbean Territory in which RYV Corp. has begun using RYV's Caribbean Marks by providing services therein; (ii) in any country or territory of the Caribbean Territory in which RYV Corp. has secured or is in the process of securing, trademark rights via registration of RYV's Caribbean Marks under the laws of the subject jurisdiction; and (iii) in any specific location in any country or territory of the Caribbean Territory that is located within a 50-mile radius from any restaurant or bar owned and operated by RYV Corp. under RYV's Caribbean Marks and/or within a 50-mile radius of any Caribbean Territory RYV Corp. has secured or is in the process of securing trademark rights, regardless of whether such specific location is located in the same or a different country or territory of the Caribbean Territory as one in which RYV Corp. has secured rights or is in the process of securing rights under either subsections (i) or (ii) above. For purposes of clarification, under subsection (i) of this Section, "use" means the opening and continuous operation of a restaurant or bar and providing restaurant and/or bar services under RYV's Caribbean Marks. Under this Agreement, the term "Caribbean Territory" shall mean (i) any island country or island territory in the Caribbean Sea that is not a territory of the United States, including but not limited to, Antigua and Barbuda, Bahamas, Barbados, Dominica, Dominican Republic, Guadeloupe and dependencies, Martinique, Saint Barthélemy, Saint Martin (France), Grenada, Haiti, Jamaica, Aruba, Curaçao, Dutch Caribbean - BES Islands, Sint Maarten, Saint Kitts and Nevis, Saint Lucia, Saint Vincent and the Grenadines, Trinidad and Tobago, Anguilla, British Virgin Islands, Cayman Islands, Montserrat, Turks and Caicos Islands, Tortola, Dominican Republic, and Tortuga; and (ii) the following additional countries: Belize, Colombia, Costa Rica, Guatemala, Honduras, Mexico, Nicaragua, Panama, and Venezuela. For purposes of clarification, Puerto Rico and the U.S. Virgin Islands, being territories of the United States, are not part of the Caribbean Territory.

9.     **Cooperation.** The Parties agree to bring to each other's attention any instances of actual confusion between their respective marks and to cooperate and consult with one another, in good faith, should future conditions or developments suggest to either the possibility that the Parties' respective marks might be likely to be confused with one another, all with the view to insuring that no substantial likelihood of confusion between the Parties' respective marks, as they are used in commerce, shall occur.

10.    **Reservation of Rights.** In the event of a breach or breaches of any provision of this Agreement, each Party reserves the right to file a lawsuit to seek any and all available remedies at law and in equity and also to file a cancellation and/or opposition proceeding with the USPTO seeking to cancel any registration.

11.    **No Admissions.** Nothing in this Agreement shall be taken to reflect an acknowledgement by either Party of any fault, wrongdoing, or liability, which alleged fault is expressly denied.

12.    **Non-Disparagement.** From the Effective Date of this Agreement, the Parties shall not make any public disparaging statements, whether written or oral, concerning any of the Parties to this Agreement or concerning any Party's officers, directors, employees, affiliates, agents, attorneys, contracting parties, successors, assigns, or its business or operations.

13.    **Assignment; Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto and each of their respective employees, affiliates (i.e., subsidiaries, parent companies, and sister companies),

Page 3 of 5

Consent and Settlement Agreement                                          Fortune _____ /RYV Corp. _____

agents, officers, directors, shareholders, legal representatives, successors (including successors in ownership of the marks at issue), licensees and assigns.

**14.     Representations.** The Parties affirmatively represent that they have not assigned or otherwise transferred any interests, rights, causes of action, or claims they have, may have, or could have against one another arising out of, concerning or relating to the marks and products at issue in the Lawsuit, and will not make any such assignment or transfer prior to fully executing this Agreement. Each Party further represents and warrants that it has not filed any lawsuit, arbitration, opposition proceeding, or other proceeding against the other Party with respect to the subject matter of the Dispute and agrees not to do in the future except in accordance with this Agreement.

**15.     Entire Agreement.** Except as otherwise set forth herein, this Agreement constitutes the entire agreement between the Parties as of the Effective Date, and supersedes all prior agreements and understandings between the Parties with respect to the purposes, agreements and obligations set forth herein. Except as otherwise set forth herein, this Agreement may not be amended unless such amendment is in writing and signed by both Parties hereto.

**16.     Authority.** Each person who signs this Agreement on behalf of any Party hereto represents and warrants that he or she has been duly authorized by that Party to enter into this Agreement and to bind the Party.

**17.     Interpretation.** The title and section headings of this Agreement are included for reference purposes only and do not constitute terms or conditions hereof. The recitals on page one of this Agreement are hereby incorporated and made a part of this Agreement. The Parties acknowledge that they have thoroughly reviewed this Agreement and bargained over its terms and that each has had an opportunity to have its legal counsel review this Agreement or has waived the assistance of counsel. Accordingly, neither party shall be considered responsible for the preparation of this Agreement, which shall be deemed to have been prepared jointly by both parties.

**18.     Separability.** The invalidity or unenforceability, in whole or in part, of any provision, term, or condition hereof shall not affect the validity or enforceability of the remainder of such provision, term or condition or of any other provision, term, or condition.

**19.     Attorney's Fees and Other Costs.** Each Party shall bear its own costs and attorney's fees associated with this agreement and any additional expenses associated with the preparation of documents pursuant to this Agreement.

**20.     Governing Law.** This Agreement will be governed by and construed under the laws of the State of Florida without regard to its rules concerning conflicts of laws. In the event that RYV Corp. files a lawsuit against Fortune, jurisdiction and venue for any lawsuit or proceeding arising out of or related to this Agreement, its subject matter and/or any other dispute whatsoever between the parties shall lie exclusively within the federal courts of the U.S. District Court of the Middle District of Florida and the state courts located in Pinellas County, Florida. In the event that Fortune files a lawsuit against RYV Corp., jurisdiction and venue for any lawsuit or proceeding arising out of or related to this Agreement, its subject matter and/or any other dispute whatsoever between the parties shall lie exclusively within the federal courts of the U.S. District Court of the Central District of California and the state courts located in Los Angeles County, California. Each Party waives any and all challenges to the jurisdiction and venue set forth herein above.

**21.     No Waiver.** Neither Party shall be deemed to have waived any right hereunder unless such waiver is in writing and executed by the waiving party or a duly authorized officer of the waiving party. No waiver by either Party of any right hereunder shall constitute a waiver of any right on any other occasion.

**22.     Confidentiality.** From the Effective Date of this Agreement, the Parties agree that the terms and conditions of this Agreement are confidential and shall not be disclosed to any third party provided, however, that either Party may disclose the terms and conditions of this Agreement to its engaged outside legal counsel, financial counsel, or to any actual or potential licensors or licensees of the disclosing Party, who is bound by confidentiality obligations which are no less restrictive than those set forth in this Agreement. The Parties further agree that either Party may disclose to the USPTO only such terms and conditions of this Agreement (for example, a redacted version of this Agreement) as is necessary for purposes of seeking and obtaining approval of registration of such Party's mark (e.g., any one of Fortune's Marks by Fortune or any one of RYV's Marks by RYV Corp.) with the USPTO.

Consent and Settlement Agreement                                                                 Fortune _____ /RYV Corp. _____

Each Party agrees that Section, 6, Section 8, the portions of Section 3 referencing the Caribbean Territory, and/or this sentence shall not be disclosed to any third party including the USPTO without the prior written consent of the other Party. Notwithstanding the foregoing, in connection with any dispute that arises between the Parties with respect to this Agreement, the Parties are permitted to disclose to any court of competent jurisdiction (including in the Party's pleadings and motions) the terms and conditions of this Agreement.

23.     **Notices.**  All notices and other communications in connection with this Agreement shall be in writing and shall be mailed by U.S. Mail or by a nationally-recognized carrier, to each Party at the addresses set forth on page one of this Agreement, which may be amended from time to time in writing by each Party to the other Party.

24.     **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Further, and without limitation, the parties agree that countersignatures may be exchanged by electronic mail (including by PDF or other similar electronic attachment), facsimile, or other similar means of transmission.

FORTUNE HOTELS, INC.:                    RUMFISH Y VINO CORPORATION:

By: _____           By: _____

Name: _Timothy R. Bogott_               Name: _____

Title: _CEO_                            Title: _____

Date: _5/22/14_                         Date: _____

Consent and Settlement Agreement                           Fortune _____ /RYV Corp. _____

## CONSENT AND SETTLEMENT AGREEMENT

THIS CONSENT AND SETTLEMENT AGREEMENT is made and entered into by and between FORTUNE HOTELS, INC., a Florida corporation, and its affiliates (collectively, "Fortune"), having a principal address at 5600 Gulf Boulevard, St. Pete Beach, Florida 33706, and RUMFISH Y VINO CORPORATION, a Belize corporation ("RYV Corp."), having a principal address at Placencia Village Square, Stann Creek District, Placencia, Belize, (Fortune and RYV Corp. each individually referred to as a "Party" and collectively referred to herein as the "Parties") on this 23rd day of May, 2014 ("the Effective Date").

### Recitals

WHEREAS, RYV Corp. has applied to register the marks RUMFISH Y VINO and RUMFISH under U.S. Trademark Application Serial Nos. 86/084,571 and 86/249,678, respectively, with the United States Patent and Trademark Office ("USPTO") in connection with bar services and restaurant services in International Class 43.

WHEREAS, Fortune's subsidiary, RIA-Sandpiper, Inc., has applied to register the mark RUMFISH GRILL with the USPTO under U.S. Trademark Application Serial No. 86/269,370 in connection with restaurant services, bar services, and clothing in International Classes 25 and 43;

WHEREAS, the Parties are involved presently in a dispute concerning their respective rights to use and to register the foregoing applied-for marks ("the Dispute") and now wish to settle the Dispute pursuant to the terms of this Agreement;

WHEREAS, the Parties' respective applied-for marks differ in spelling and pronunciation and the Parties believe in good faith that actual confusion is unlikely. The Parties are unaware of any evidence of actual instances of confusion, and neither Party contemplates expanding its distribution in such a way as to create a likelihood of confusion;

WHEREAS, based on the best information available to the Parties, it appears that RYV Corp. will become entitled to use its RUMFISH Y VINO mark and Fortune will become entitled to use its RUMFISH GRILL mark in the United States as a result of their future lawful use in commerce in connection with such services and goods in such a manner that confusion, mistake or deception would not likely result from such continued use.

NOW THEREFORE, for and in consideration of the covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties acknowledge and agree as follows:

1.      **Consent to Registration.** RYV Corp. acknowledges Fortune's ownership of and right to use and register in the United States its RUMFISH GRILL mark, its GUY HARVEY RUMFISH GRILL mark, and other word and design marks that are variations and iterations of the foregoing (collectively, "Fortune's Marks") in connection with restaurant services, bar services, and clothing in International Classes 25 and 43. RYV Corp. hereby gives its consent to registration of the mark RUMFISH GRILL in and with the USPTO under Application Serial No. 86/269,370, as well as the registration of its GUY HARVEY RUMFISH GRILL mark, and other marks that are variations and iterations of the foregoing with the USPTO and/or any state trademark agency. RYV Corp. requests that the USPTO register Fortune's Marks. In the event that RYV Corp. fails to use its RUMFISH Y VINO mark with bar services and/or restaurant services in commerce as a service mark in the United States commencing on or before five (5) years after the Effective Date of this Agreement (the foregoing being hereafter referred to as "RYV's U.S. Use Requirement" and the aforementioned period of time for RYV Corp. to begin use in commerce in the United States being hereafter referred to as "the US Restricted Period"), RYV Corp. further acknowledges and consents to Fortune's right to use and register in the United States the word RUMFISH, by itself, and words and phrases that are variations and iterations of the foregoing. For purposes of this Section, use in commerce as a service mark by RYV Corp. shall not include analogous use, i.e., use that is analogous to but that is not use of RUMFISH Y VINO as a service mark, and such use in commerce must be continuous and ongoing in the United States from the date it commences.

Page 1 of 5

2.     **Consent to Registration.** Fortune acknowledges RYV Corp.'s ownership of and right to use and register in the United States its RUMFISH Y VINO mark, and other word and design marks that are variations and iterations of the foregoing (collectively "RYV's Marks") in connection with bar services and restaurant services in International Class 43. Fortune hereby gives its consent to registration of the mark RUMFISH Y VINO in and with the USPTO under Application Serial No. 86/269,370, as well as any other application for RUMFISH Y VINO, and other marks that are variations and iterations of the foregoing filed by RYV Corp. with the USPTO and/or any state trademark agency. Fortune requests that the USPTO register RYV's Marks. For purposes of this Section, and irrespective of whether or not RYV Corp. achieves use in commerce of RUMFISH Y VINO before expiration of the U.S. Restricted Period, RYV Corp. has indefinite rights to register the RUMFISH Y VINO mark (and other word or design marks that are variations and iterations thereof provided that such other word or design marks that are variations and iterations of RUMFISH Y VINO do not cause actual confusion or create a likelihood of confusion with, or otherwise infringe and/or dilute, any mark that Fortune may begin using after expiration of the U.S. Restricted Period).

3.     **Covenants of Fortune.**    Fortune agrees that it will not utilize the words and phrases RUMFISH, RUMFISH BAR, RUMFISH WINE, RUMFISH AND WINE, and/or RUMFISH Y VINO in connection with restaurant and bar services in the United States. Fortune also agrees any and all uses of the term "Rumfish" must be used in connection with and immediately followed by the term "Grill." The foregoing restrictions shall also apply within the Caribbean Territory as that term is defined in and subject to the terms of Section 8 of this Agreement. Fortune further covenants and agrees that it will not file a lawsuit against RYV Corp. related to the Dispute; provided, however, that such covenant and agreement shall not apply to any future dispute between the Parties. Fortune agrees that it will not challenge the validity or ownership of RYV's Marks in the United States (or in the Caribbean Territory subject to the terms of Section 8 of this Agreement). Nothing in this Agreement shall restrict Fortune from using or registering any other mark that does not contain the word RUMFISH subject to any prior rights of RYV Corp. or of any third party in and to such other mark. Notwithstanding any other provision in this Agreement, in the event that RYV Corp. fails to meet RYV's U.S. Use Requirement before expiration of the U.S. Restricted Period, the terms and obligations set forth in this Section shall be void and not binding as to Fortune and its acts and business conduct thereafter, except: (i) with respect to the restrictions involving the Caribbean Territory; and (ii) with respect to the restriction against using RUMFISH WINE, RUMFISH AND WINE, and/or RUMFISH Y VINO, which restriction shall remain valid after expiration of the U.S. Restricted Period. In the event that RYV Corp. uses any of the Fortune Marks after the Effective Date of this Agreement, Fortune reserves its right to pursue all claims, causes of action, and legal and equitable remedies, including those related to trademark infringement and dilution, against RYV Corp.

4.     **Covenants of RYV Corp.** RYV Corp. agrees that it will not utilize the words and phrases RUMFISH, RUMFISH GRILL, RUMFISH GRILLE, GUY HARVEY RUMFISH GRILL, and/or RUMFISH BAR in connection with restaurant and bar services in the United States. RYV Corp. further covenants and agrees that it will not file a lawsuit against Fortune related to the Dispute; provided, however, that such covenant and agreement shall not apply to any future dispute between the Parties. RYV Corp. agrees that it will not challenge the validity or ownership of Fortune's Marks in the United States. Nothing in this Agreement shall restrict RYV Corp. from using or registering any other mark that does not contain the word RUMFISH subject to any prior rights of Fortune or of any third party in and to such other mark. In the event that Fortune uses any of the RYV Marks after the Effective Date of this Agreement, RYV Corp. reserves its right to pursue all claims, causes of action, and legal and equitable remedies, including those related to trademark infringement and dilution, against Fortune.

5.     **No Likelihood of Confusion and/or Actual Confusion**. The Parties acknowledge and agree that the Parties' respective marks, when viewed in their entireties, are sufficiently different as to appearance, sound, connotation and commercial impression so that confusion as to the source of the Parties' respective goods, services, and business is unlikely. The Parties represent that, to the best of their knowledge, there has been no actual confusion between their respective marks. The Parties agree to actively police their respective marks so as to avoid confusion. In the event that either Party becomes aware of any actual confusion between their respective marks, the Parties agree to communicate all details of each such instance to each other, and to cooperate reasonably to take steps to abate the cause of confusion, and to prevent such confusion from occurring again.

6.     **Payment.** As consideration for RYV Corp.'s covenants and obligations set forth herein, within fifteen (15) days after the Effective Date, Fortune agrees to pay to RYV Corp. the sum of Thirty Thousand Dollars and Zero

Consent and Settlement Agreement                                      Fortune _____ /RYV Corp.

Cents ($30,000.00). Such payment shall be made in U.S. Dollars via wire transfer to a bank account specified by RYV Corp.

7.    **Express Abandonment.** Within fifteen (15) days after receipt of the payment set forth in Section 6 of this Agreement, RYV Corp. agrees to expressly abandon its pending federal trademark application for RUMFISH, U.S. Trademark Application Serial No. 86/249,678.

8.    **Consent and Covenants as to the Caribbean Territory; Foreign Restricted Period.** For a period of five (5) years after the Effective Date ("the Foreign Restricted Period"), Fortune agrees not to use Fortune's Marks with restaurant services or bar services in the Caribbean Territory as that term is defined in this Section. Fortune acknowledges RYV Corp.'s exclusive ownership of and right to use and register its RUMFISH Y VINO and RUMFISH marks (collectively, "RYV's Caribbean Marks") in connection with bar services and restaurant services within the Caribbean Territory during the Foreign Restricted Period. After expiration of the Foreign Restricted Period, each Party may use its marks (i.e., Fortune's Marks by Fortune and RYV's Caribbean Marks by RYV Corp.) anywhere within the Caribbean Territory; provided, however, that after the expiration of the Foreign Restricted Period, Fortune shall not use Fortune's Marks in any geographic location that is: (i) in any country or territory of the Caribbean Territory in which RYV Corp. has begun using RYV's Caribbean Marks by providing services therein; (ii) in any country or territory of the Caribbean Territory in which RYV Corp. has secured or is in the process of securing, trademark rights via registration of RYV's Caribbean Marks under the laws of the subject jurisdiction; and (iii) in any specific location in any country or territory of the Caribbean Territory that is located within a 50-mile radius from any restaurant or bar owned and operated by RYV Corp. under RYV's Caribbean Marks and/or within a 50-mile radius of any Caribbean Territory RYV Corp. has secured or is in the process of securing trademark rights, regardless of whether such specific location is located in the same or a different country or territory of the Caribbean Territory as one in which RYV Corp. has secured rights or is in the process of securing rights under either subsections (i) or (ii) above. For purposes of clarification, under subsection (i) of this Section, "use" means the opening and continuous operation of a restaurant or bar and providing restaurant and/or bar services under RYV's Caribbean Marks. Under this Agreement, the term "Caribbean Territory" shall mean (i) any island country or island territory in the Caribbean Sea that is not a territory of the United States, including but not limited to, Antigua and Barbuda, Bahamas, Barbados, Dominica, Dominican Republic, Guadeloupe and dependencies, Martinique, Saint Barthélemy, Saint Martin (France), Grenada, Haiti, Jamaica, Aruba, Curaçao, Dutch Caribbean - BES Islands, Sint Maarten, Saint Kitts and Nevis, Saint Lucia, Saint Vincent and the Grenadines, Trinidad and Tobago, Anguilla, British Virgin Islands, Cayman Islands, Montserrat, Turks and Caicos Islands, Tortola, Dominican Republic, and Tortuga; and (ii) the following additional countries: Belize, Colombia, Costa Rica, Guatemala, Honduras, Mexico, Nicaragua, Panama, and Venezuela. For purposes of clarification, Puerto Rico and the U.S. Virgin Islands, being territories of the United States, are not part of the Caribbean Territory.

9.    **Cooperation.** The Parties agree to bring to each other's attention any instances of actual confusion between their respective marks and to cooperate and consult with one another, in good faith, should future conditions or developments suggest to either the possibility that the Parties' respective marks might be likely to be confused with one another, all with the view to insuring that no substantial likelihood of confusion between the Parties' respective marks, as they are used in commerce, shall occur.

10.    **Reservation of Rights.** In the event of a breach or breaches of any provision of this Agreement, each Party reserves the right to file a lawsuit to seek any and all available remedies at law and in equity and also to file a cancellation and/or opposition proceeding with the USPTO seeking to cancel any registration.

11.    **No Admissions.** Nothing in this Agreement shall be taken to reflect an acknowledgement by either Party of any fault, wrongdoing, or liability, which alleged fault is expressly denied.

12.    **Non-Disparagement.** From the Effective Date of this Agreement, the Parties shall not make any public disparaging statements, whether written or oral, concerning any of the Parties to this Agreement or concerning any Party's officers, directors, employees, affiliates, agents, attorneys, contracting parties, successors, assigns, or its business or operations.

13.    **Assignment; Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto and each of their respective employees, affiliates (i.e., subsidiaries, parent companies, and sister companies),

Page 3 of 5

Consent and Settlement Agreement                    Fortune _____/RYV Corp.

agents, officers, directors, shareholders, legal representatives, successors (including successors in ownership of the marks at issue), licensees and assigns.

14.     **Representations.** The Parties affirmatively represent that they have not assigned or otherwise transferred any interests, rights, causes of action, or claims they have, may have, or could have against one another arising out of, concerning or relating to the marks and products at issue in the Lawsuit, and will not make any such assignment or transfer prior to fully executing this Agreement. Each Party further represents and warrants that it has not filed any lawsuit, arbitration, opposition proceeding, or other proceeding against the other Party with respect to the subject matter of the Dispute and agrees not to do in the future except in accordance with this Agreement.

15.     **Entire Agreement.** Except as otherwise set forth herein, this Agreement constitutes the entire agreement between the Parties as of the Effective Date, and supersedes all prior agreements and understandings between the Parties with respect to the purposes, agreements and obligations set forth herein. Except as otherwise set forth herein, this Agreement may not be amended unless such amendment is in writing and signed by both Parties hereto.

16.     **Authority.** Each person who signs this Agreement on behalf of any Party hereto represents and warrants that he or she has been duly authorized by that Party to enter into this Agreement and to bind the Party.

17.     **Interpretation.** The title and section headings of this Agreement are included for reference purposes only and do not constitute terms or conditions hereof. The recitals on page one of this Agreement are hereby incorporated and made a part of this Agreement. The Parties acknowledge that they have thoroughly reviewed this Agreement and bargained over its terms and that each has had an opportunity to have its legal counsel review this Agreement or has waived the assistance of counsel. Accordingly, neither party shall be considered responsible for the preparation of this Agreement, which shall be deemed to have been prepared jointly by both parties.

18.     **Separability.** The invalidity or unenforceability, in whole or in part, of any provision, term, or condition hereof shall not affect the validity or enforceability of the remainder of such provision, term or condition or of any other provision, term, or condition.

19.     **Attorney's Fees and Other Costs.** Each Party shall bear its own costs and attorney's fees associated with this agreement and any additional expenses associated with the preparation of documents pursuant to this Agreement.

20.     **Governing Law.** This Agreement will be governed by and construed under the laws of the State of Florida without regard to its rules concerning conflicts of laws. In the event that RYV Corp. files a lawsuit against Fortune, jurisdiction and venue for any lawsuit or proceeding arising out of or related to this Agreement, its subject matter and/or any other dispute whatsoever between the parties shall lie exclusively within the federal courts of the U.S. District Court of the Middle District of Florida and the state courts located in Pinellas County, Florida. In the event that Fortune files a lawsuit against RYV Corp., jurisdiction and venue for any lawsuit or proceeding arising out of or related to this Agreement, its subject matter and/or any other dispute whatsoever between the parties shall lie exclusively within the federal courts of the U.S. District Court of the Central District of California and the state courts located in Los Angeles County, California. Each Party waives any and all challenges to the jurisdiction and venue set forth herein above.

21.     **No Waiver.** Neither Party shall be deemed to have waived any right hereunder unless such waiver is in writing and executed by the waiving party or a duly authorized officer of the waiving party. No waiver by either Party of any right hereunder shall constitute a waiver of any right on any other occasion.

22.     **Confidentiality.** From the Effective Date of this Agreement, the Parties agree that the terms and conditions of this Agreement are confidential and shall not be disclosed to any third party provided, however, that either Party may disclose the terms and conditions of this Agreement to its engaged outside legal counsel, financial counsel, or to any actual or potential licensors or licensees of the disclosing Party, who is bound by confidentiality obligations which are no less restrictive than those set forth in this Agreement. The Parties further agree that either Party may disclose to the USPTO only such terms and conditions of this Agreement (for example, a redacted version of this Agreement) as is necessary for purposes of seeking and obtaining approval of registration of such Party's mark (e.g., any one of Fortune's Marks by Fortune or any one of RYV's Marks by RYV Corp.) with the USPTO.

Page 4 of 5

Consent and Settlement Agreement                                                                           Fortune _____/RYV Corp.

Each Party agrees that Section, 6, Section 8, the portions of Section 3 referencing the Caribbean Territory, and/or this sentence shall not be disclosed to any third party including the USPTO without the prior written consent of the other Party. Notwithstanding the foregoing, in connection with any dispute that arises between the Parties with respect to this Agreement, the Parties are permitted to disclose to any court of competent jurisdiction (including in the Party's pleadings and motions) the terms and conditions of this Agreement.

23.     **Notices.**  All notices and other communications in connection with this Agreement shall be in writing and shall be mailed by U.S. Mail or by a nationally-recognized carrier, to each Party at the addresses set forth on page one of this Agreement, which may be amended from time to time in writing by each Party to the other Party.

24.     **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Further, and without limitation, the parties agree that countersignatures may be exchanged by electronic mail (including by PDF or other similar electronic attachment), facsimile, or other similar means of transmission.

**FORTUNE HOTELS, INC.:**                    **RUMFISH Y VINO CORPORATION:**

By: _____          By: _Pamela Solomon_____

Name: _____          Name: _Pamela Solomon_____

Title: _____          Title: _Owner/Director_____

Date: _____          Date: _5/23/14._____