UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| RUMFISH Y VINO CORPORATION, a Belize corporation, and JPL PARTNERS #1 LP, a California limited partnership<br><br>Plaintiffs,<br><br>v.<br><br>FORTUNE HOTELS, INC., a Florida corporation, RIA-SANDPIPER, INC., a Florida corporation, RESORT INNS OF AMERICA, INC., a Florida corporation, d/b/a TRADEWINDS ISLAND RESORT, and DOES 1-10<br><br>Defendants. | CASE NO.  8:19-cv-595-T-36AEP<br><br>**PLAINTIFFS' OBJECTIONS TO FINDINGS OF FACTS AND CONCLUSIONS OF LAW IN APRIL 24, 2019 REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE PORCELLI** |

<b><u>PLAINTIFFS' OBJECTIONS</u></b>

Under 28 U.S.C. § 636(b)(1)(C) and Rule 6.02 of the Rules of this Court, Plaintiffs respectfully submit the following objections to certain of the Magistrate Judge's Report and Recommendation ("R&R"), issued on April 24, 2019.

A party may serve and file objections to the proposed findings and recommendations of the Magistrate Judge.  Plaintiffs submit these timely objections to preserve matters for this Court's review, as well as, any potential subsequent review.  Under both § 636(b)(1)(C) and the Local Rule, this Court must make a de novo determination of those portions of the report to which objection is made.

**1.    The Plaintiffs Object to the Conclusion that the Second Sentence of Paragraph 3 of the Settlement Agreement is Limited to Restaurant and Bar Services.**

Paragraph 3, second sentence, of the Agreement between the parties is clear and unambiguous.  The language unequivocally states "Fortune also agrees **<u>any and all uses</u>** of the term 'RUMFISH' must be used in connection with and immediately followed by the term 'Grill'."  (emphasis added)  In his finding, the Magistrate Judge, adopting the argument of Defendants, finds that this language is properly construed as "any and all uses <u>in restaurant and bar services</u>".  Ironically, the Defendants accused Plaintiffs of attempting to add language into this clause, when it is clear that Defendants were adding "in restaurant and bar services" into this sentence.  The plain and ordinary meaning of "any and all uses" does not include limitation to any particular goods or services.

The Magistrate Judge first reasons that interpretation of the second sentence of Paragraph 3 to apply to any good or service would render the first sentence of Paragraph 3 meaningless.  Such is not the case because the two sentences accomplish different purposes.  The first sentence of Paragraph 3 ("Fortune agrees

that it will not utilize …") is an prohibitive term that specifically prevents Defendants from using specific composites of RUMFISH, namely, those composites that are identical or closely similar to Plaintiffs' uses.  In contrast, the second of Paragraph 3 is a permissive term describes the specific composites RUMFISH that Defendants can use, namely, RUMFISH GRILL.  The two sentences serve different purposes and one should not be considered when interpreting the other.

Furthermore, as the language clear on its face, there is no ambiguity in its meaning.  Mere disagreement of the parties cannot create an ambiguity.  Shipner v. E. Air Lines, Inc., 868 F.2d 401, 405 (11th Cir. 1989) ("the court is bound to give the language its plain and ordinary meaning, may not add or subtract language from the face of the instrument, may not create a new contract for the parties, nor create an ambiguity where extrinsic evidence of unexpressed intentions exists and its intent can be easily inferred from the contract itself."); see also, Quesada v. Director, Federal Emergency Mgmt. Agency, 577 F. Supp. 695, 697 (S.D.Fla. 1983), aff'd, 753 F.2d 1011 (11th Cir.1985), cert. denied sub. nom. Sodowski v. National Flood Ins. Program of Federal Emergency Mgmt. Agency, 486 U.S. 1043, 108 S. Ct. 2035, 100 L. Ed. 2d 619 (1988).

Based on the foregoing, Plaintiffs respectfully object to the conclusion of the Magistrate Judge in the April 24, 2019 R&R regarding the interpretation of the second sentence of Paragraph 3 of the Agreement between the parties.

2. **The Plaintiffs Object to the Apparent Conclusion that the Plaintiffs Lacked a Bona Fide Intent to Use the RUMFISH Y VINO Mark in US Commerce as of October 2013**

To the extent the R&R suggests that Plaintiffs' lacked a bona fide intent to use their RUMFISH Y VINO mark in US commerce as of October 2013, Plaintiffs

respectfully object.  As argued at the hearing preceding the R&R, Plaintiffs' trademark registration for RUMFISH Y VINO is entitled to a presumption of validity, including a presumption of the existence of a bona fide intent at all relevant times.  15 USC §1115 (registration is "prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration").  In any challenge to that validity, the burden first falls on the party challenging such validity to come forth with evidence to prove such invalidity – in this instance the lack of a bona fide intent.

  Defendants failed to present any evidence regarding the alleged lack of a bona fide intent.  Defendants' argument was based entirely on the alleged failure of Plaintiffs' to come forward with any evidence proving the existence of a bona fide intent.  However, Plaintiffs were entitled to the presumption of validity of 15 USC §1115 and were not required to present such proof in their moving papers.  Indeed, the purported challenge was not even an issue until after Defendants had filed their opposition papers.  Even then, the case law cited by Defendants was inaptly applied, because the facts and findings in that case were only after a complete discovery and evidentiary period before the tribunal where the registrant of the mark had failed to provide any substantive discovery responses or evidence.

  Defendants argument attempted to apply such thoroughly developed findings from the cited case to the preliminary stages of the instant case – before the case was at issue or the parties had even sought any discovery.  Furthermore, Plaintiffs' sought to supplement their moving papers to address exactly this point (Dkt. No. 44), which attempted supplementation was denied (Dkt. No. 46).  Plaintiffs should be given a full and fair opportunity to respond to Defendants'

unfounded allegations, including an opportunity to present evidence in response, before any conclusions are made.

Based on the foregoing, Plaintiffs respectfully object to any conclusion of the Magistrate Judge in the April 24, 2019 R&R regarding the lack of a bona fide intent by Plaintiffs to use their RUMFISH Y VINO mark in US commerce as of October 2013.

For reasons outlined above, and as required by 28 U.S.C. § 636(b)(1)(C) and Rule 6.02 of the Rules of this Court, Plaintiffs object to certain portions and aspects of the Magistrate Judge's Report & Recommendation.  Based on these objections, Plaintiffs ask the Court to reconsider the findings and conclusions of Magistrate Judge Porcelli in the April 24, 2019 Report and Recommendation and his recommended conclusion that Plaintiffs' Motion for a Preliminary Injunction should be denied.

Respectfully submitted,

*/s/ Michael A. DiNardo*
Michael A. DiNardo, *pro hac vice*
mike@kelly-kelleylaw.com
Kelly & Kelley, LLP
6320 Canoga Ave, Suite 1650
Woodland Hills, CA 91367
818-347-7900

Murray B. Silverstein (FBN 0349216 )
Jacob L. Boehner  (FBN 1002685 )
**GREENSPOON MARDER LLP**
401 E. Jackson Street, Suite 1825
Tampa, FL 33602 | (813) 769-7020

*Attorneys for Plaintiffs RUMFISH Y VINO CORPORATION and JPL PARTNERS #1, LP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed on May 8, 2019 using the CM/ECF system, which will automatically serve all attorneys of record with a true and faithful copy thereof.

*/s/ Michael A. DiNardo*
Michael A. DiNardo

**SERVICE LIST**
Joshua D. Martin, Esq., josh.martin@johnsonmartinlaw.com
**JOHNSON & MARTIN, P.A.**,
500 W. Cypress Creek Rd., Suite 430, Fort Lauderdale, FL 33309